498 F.2d 1397
 86 L.R.R.M. (BNA) 2864, 74 Lab.Cas. P 10,195
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Piedmont Aviation, Inc., Appellant
v.
Air Line Pilots Association International, Appellee.
 Nos. 73-1001, 74-1045.
 United States Court of Appeals, Fourth Circuit.
 June 7, 1974.
 PER CURIAM
 
 1
 The Air Line Pilots Association, International, (ALPA), struck Piedmont Aviation, Inc. on July 21, 1969, because Piedmont was curtailing all Boeing 737 flights due to ALPA's demand for a three-pilot crew complement under a supplemental letter anchored to the collective bargaining agreement of July 24, 1968. Piedmont contested ALPA's construction of the supplement. The District Court enjoined the strike on August 14, 1969, until the disagreement could be heard on its merits. This court modified the injunction on September 29, 1969, so as to maintain pendente lite the status quo at the three-pilot crew level. To supply the background facts of this case and the history of the legal stages of this litigation, we incorporate by reference the opinion reported as Piedmont Aviation, Inc. v. Air Line Pilots Ass'n, Internat'l, 416 F.2d 633 (4 Cir.1969), cert. den. 397 U.S. 926; reh. den. 398 U.S. 915.
 
 
 2
 On August 11, 1972, the District Court faced the threshold question of whether the dispute between the litigants was "major" or "minor" within the meaning of the Railway Labor Act, 45 U.S.C. 153(i), 155, 183 and 184. Resolving that the variance was one of interpretation of the supplemental letter, the District Court held the conflict to be "minor" and therefore initially subject to the exclusive jurisdiction of the System Board of Adjustment (SBA). Elgin, Joliet & Eastern R. Co. v. Burley, 325 U.S. 711 (1944).
 
 
 3
 Subsequent to a superseding collective bargaining agreement of March 2, 1971, Piedmont again indicated that it would operate only two-pilot crews beginning in January of 1973. ALPA unsuccessfully sought to enjoin this action. Assuming this ruling to give efficacy to the superseding collective bargaining agreement, Piedmont consequently endeavored to dissolve the injunction of August 14, 1969, and to rescind the order submitting the controversy to the SBA. Relief, however, was denied on both counts and Piedmont appeals.
 
 
 4
 Upon examination of the record and consideration of the arguments of counsel, on brief and orally, we affirm for reasons stated in the District Judge's memorandum of December 6, 1973.
 
 
 5
 Affirmed.